(No. 45881.—

EDWARD R. YOUHAS *et al.,* Appellees, v. WILLARD ICE, Acting Director of Revenue, *et al.,* Appellants.

*Opinion filed March 20, 1974.*

William J. Scott, Attorney General, of Springfield (Paul J. Bargiel, Assistant Attorney General, of counsel), for appellants.

Alvin R. Becker, of Chicago, for appellees.

MR. JUSTICE WARD delivered the opinion of the court:

In June 1972 the plaintiffs, Edward R. Youhas and Sharon Weiss, each acting individually and on behalf of all other persons similarly situated, obtained leave to file a taxpayers' suit (Ill. Rev. Stat. 1971, ch. 102, par. 11 *et seq.*) against defendant Willard Ice, Acting Director of the Illinois Department of Revenue, and other State officials. The suit sought to enjoin the disbursement of public funds under a statute, which they alleged to be unconstitutional, authorizing the refund of Illinois retailers' occupation

taxes paid on certain Federal excise taxes (Ill. Rev. Stat., 1972 Supp., ch. 127, par. 39d—1). The circuit court of Cook County, after denying the defendants' motion to dismiss the complaint, declared the statute to be unconstitutional. The court held that it was special legislation in violation of the Constitution of Illinois and that it denied equal protection and due process. The defendants were enjoined from taking any action to carry out the provisions of the statute. Because of the holding of unconstitutionality the appeal of the defendants has been taken directly to this court under Supreme Court Rule 302(a)(1). 50 Ill.2d R. 302(a)(1).

Effective December 10, 1971, the Congress repealed a Federal excise tax which had been imposed on the sale of new automobiles, light trucks and related trailers by manufacturers (26 U.S.C. sec. 4061(a)) and also provided for refunds of the excise tax paid on purchases made between August 16 and December 10, 1971. The tax had been passed on by manufacturers as part of their selling price and the retailers in turn had passed it on to the purchasers as a part of the sales price. The Illinois retailers' occupation tax is calculated on the basis of the total sales price, and that price for automobiles, light trucks and related trailers in the period between August 16 and December 10, 1971, included the repealed Federal excise tax (Ill. Rev. Stat. 1967, ch. 120, par. 439.3). In 1972 the legislature approved "An Act to authorize the Department of Revenue to make certain refunds" (Ill. Rev. Stat., 1972 Supp., ch. 127, par. 39d—1). This legislation authorized the Department of Revenue to make refunds of use or retailers' occupation taxes paid on the refunded Federal excise taxes directly to purchasers of automobiles, light trucks and related trailers between August 16 and December 10, 1971. The statute by its terms will expire on July 1, 1974.

Plaintiff Weiss brought her action as a general taxpayer seeking to enjoin the expenditure of public funds.

Youhas sued as a member of a class that does not qualify for a refund under the statute, because its purchases were not of new automobiles, trucks or related trailers.

The defendants' contention is that the statute is based on a reasonable classification and must be considered general, not special, legislation.

The plaintiffs argue that the statute is unconstitutional because it is special legislation, arbitrary, "without rational basis" and denies equal protection and due process. They urge that the legislature was without power to grant certain taxpayers a direct refund from the Department of Revenue and exclude other taxpayers, whom they mistakenly describe as identically situated, from obtaining a direct refund from the Department of Revenue.

We begin by observing that, as we recently noted in *People ex rel. City of Salem v. McMackin,* 53 Ill.2d 347, the prohibition against special legislation does not mean that a law must affect every person in the State alike. Rather, it means that "*** a law shall operate uniformly throughout the State in all localities and on all persons in like circumstances and conditions. (*People ex rel. Vermilion County Conservation Dist. v. Lenover,* 43 Ill.2d 209, 217.)" The authority of the legislature to make classifications is clear. "If there is a reasonable basis for differentiating between the class to which the law is applicable and the class to which it is not, the General Assembly may constitutionally classify persons and objects for the purpose of legislative regulation or control, and may pass laws applicable only to such persons or objects. (*Hunt v. County of Cook,* 398 Ill. 412.)" *Bridgewater v. Hotz,* 51 Ill.2d 103, 111.

We judge there was a reasonable basis for the legislature's differentiation between those persons who paid taxes, State and local, upon the amount of the repealed excise tax when purchasing automobiles between August 16 and December 10, 1971, and all other persons

who, having paid the State and local taxes on purchases of chattels other than autos, light trucks and related trailers, might have claims for refunds of those taxes. And because of this basis of differentiation the General Assembly could properly "pass laws applicable only to such persons" (*Bridgewater v. Hotz*, 51 Ill.2d at 111), that is, to those who paid taxes on the amount of the repealed excise tax.

There were many factors which made the classification reasonable. The refund of the taxes paid under the excise tax statute was an extraordinary, if not unique, event. If the legislature had not acted to refund the portion of the taxes collected on the excise tax it could be said that the State had been unjustly enriched. When the decision to refund was made it was obvious that a class of thousands of persons would become entitled to refunds. That class was created and defined by the Federal actions of repealing and refunding the excise tax. The members had paid State and local taxes, levied in part on the basis of the repealed tax. This was a common condition not shared by other persons who may have paid use taxes under other circumstances entitling them to refunds. Too, the administering of the commonly grounded refund could more readily be carried out without extensive auditing, *inter alia,* because the tax on motor vehicle purchases distinctively is reported to the State on a transaction-by-transaction basis, rather than on the basis of unitemized monthly returns as are filed on the sales of general consumer products.

Also, the right of these automobile purchasers to recover under the existing statutes authorizing tax refunds could have been seriously questioned. The existing statutes (Ill. Rev. Stat. 1971, ch. 120, pars. 439.19 and 445) concern taxes "paid in error," whether through mistakes of facts or errors of law (par. 439.19) and, similarly, payments made as tax, penalty or interest "which was not due," whether the payment resulted from mistake of fact or error of law (par. 445). The tax payments made here by

the automobile purchasers hardly resulted from any mistake of fact or error of law. At the time the taxes were paid the excise tax was in effect and the use tax was being properly imposed.

Even if it were to be assumed that the existing statutes were applicable, in practically all cases the applications for refund would have to have been made by the retailers, the remitters of the tax. (*Snyderman v. Isaacs,* 31 Ill.2d 192.) We consider it reasonable for the legislature to act to avoid this circuitousness by providing for direct refunds.

The uniform class of automobile purchasers here could be reasonably differentiated from other classes which might on widely different grounds and under varying circumstances claim a right to refunds.

There was no denial of equal protection here because the statute did not extend to every person who might be able to claim a tax refund. A statute may be constitutional though the legislature did not extend its provisions to all cases that might be reached. This court in considering this aspect of classification observed in a resembling situation: "If the law presumably hits the evil where it is most felt, it is not to be overthrown merely because there are other instances to which it might have been applied." *Union Cemetery Ass'n v. Cooper,* 414 Ill. 23, 33; see also *Lehnhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 356, 35 L. Ed. 2d 351, 93 S. Ct. 1001.

For the reasons given, the judgment of the circuit court is reversed.

*Judgment reversed.*