MARY JANE JOST, Adm'r of the Estate of Susan Schultz, *et al.*, Plaintiffs-Appellants, v. DOUGLAS G. BAILEY *et al.*, Defendants (The County of Lake *et al.*, Defendants-Appellees).

Second District    Nos. 2—96—0695, 2—96—0916 cons.

Opinion filed February 26, 1997.—Rehearing denied March 28, 1997.

David J. Feeley and William J. Hielscher, both of Feeley & Hielscher, of Northfield, for appellants.

Michael J. Waller, State's Attorney, of Waukegan (Margaret A. Marcouiller, Assistant State's Attorney, of counsel), for appellee County of Lake.

Barry L. Kroll, James R. Studnicka, Thomas H. Neuckranz, and Lloyd E. Williams, Jr., all of Williams & Montgomery, Ltd., of Chicago, for appellee Lake County Forest Preserve District.

PRESIDING JUSTICE GEIGER delivered the opinion of the court:

The plaintiffs, Mary Jane Jost, as administrator of the estate of Susan Schultz, deceased, and W.A. Jost, as father and surviving heir of the deceased, appeal from the judgment of the circuit court of Lake County dismissing their wrongful death and survival actions against the defendants, the County of Lake, Illinois (the County), and the Lake County Forest Preserve District (the Forest Preserve). The plaintiffs' second amended complaint alleged that the County and the Forest Preserve were negligent and wilful and wanton in their approval of a dangerous and unsafe snowmobile trail. On April 23, 1996, the trial court dismissed the action on the basis that the County and the Forest Preserve were immunized by section 5—1(N) of the Snowmobile Registration and Safety Act (the Snowmobile Act) (625 ILCS 40/5—1(N) (West 1994)) and section 3—109 of the Local Governmental and Governmental Employees Tort Immunity Act (the Tort Immunity Act) (745 ILCS 10/3—109 (West 1994)). We affirm and remand the cause.

Prior to a discussion of the facts of this case, we note that the County has filed a motion to strike certain portions of the plaintiffs' brief pursuant to Supreme Court Rules 361 (155 Ill. 2d R. 361) and 341(e)(6) (155 Ill. 2d R. 341(e)(6)). The County argues that the

plaintiffs' statement of facts contains references to allegations that were not considered by the trial court in ruling on the motions to dismiss the second amended complaint. Contrary to the County's assertions, however, our review of the plaintiffs' brief reveals that all of the allegations contained in the statement of facts were also alleged in the second amended complaint. Therefore, the County's motion to strike is denied.

The plaintiffs' second amended complaint contains the following allegations: On January 22, 1995, the plaintiffs' decedent was riding as a passenger on a snowmobile operated by Stephen Pfoser. At approximately 10 p.m., the decedent and Pfoser were crossing over the Des Plaines River on the Russell Road bridge in Newport Township, Lake County. This particular bridge is owned and maintained by the County. Pfoser was operating his snowmobile in a westerly direction along the south shoulder of the bridge, traveling against the oncoming motor vehicle traffic.

As Pfoser and the decedent crossed the bridge, their snowmobile was struck by an eastbound motor vehicle being operated by Douglas Bailey and owned by Sharon Cranston. Prior to the collision, Bailey had consumed alcoholic beverages at the "Fatman Inn," which is a dramshop owned and operated by Richard Sheehan. The collision occurred when Bailey drove his vehicle out of the eastbound lane and onto the paved shoulder located on the south side of the bridge. The decedent died as a result of the injuries she suffered during the collision.

At the time of the accident, Pfoser was following a snowmobile trail that had been marked by the Northeastern Illinois Association of Snowmobile Clubs (NIASC) and approved by the County and the Forest Preserve. NIASC marked the trail by placing signs and directional indicators on the Forest Preserve property adjacent to the bridge. These signs and markings directed westbound snowmobiles to cross the bridge on the wrong side of the road, against oncoming traffic. Such a route is expressly prohibited under the safety provisions of the Snowmobile Act. See 625 ILCS 40/5—2(B) (West 1994).

On February 24, 1995, the plaintiffs filed a nine-count wrongful death and survival action, naming Bailey, Cranston, Pfoser, and Sheehan as defendants. On March 2, 1995, the plaintiffs filed an amended complaint which added the County and NIASC as defendants. On December 19, 1995, the plaintiffs filed a second amended complaint which added the Forest Preserve as a defendant.

The only counts at issue on appeal are those directed against the County and the Forest Preserve. These counts allege negligence and wilful and wanton misconduct on the part of the County and the For-

est Preserve in approving the NIASC trail. The plaintiffs contend that the defendants knew or should have known that directing snowmobiles to travel against motor vehicle traffic would result in serious bodily harm or death. The plaintiffs also allege that the defendants breached their duty of care to the plaintiffs by permitting the NIASC trail to exist on their property for two years, even though the trail route was in violation of the safety provisions of the Snowmobile Act (625 ILCS 40/5—2(B) (West 1994)).

On January 25, 1996, and February 26, 1996, respectively, the County and the Forest Preserve filed motions to dismiss the second amended complaint pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure (735 ILCS 5/2—615, 2—619 (West 1994)). In their motions, the defendants argued, *inter alia*: (1) that, pursuant to section 5—1(N) of the Snowmobile Act, they owed no duty to keep their property safe for snowmobiles; (2) that, pursuant to section 3—109(a) of the Tort Immunity Act, they owed no duty to individuals participating in an ultrahazardous activity; (3) that, pursuant to section 2—103 of the Tort Immunity Act (745 ILCS 10/2—103 (West 1994)), they could not be held liable for the approval of the trail; (4) that their conduct was not the proximate cause of the decedent's injuries and death; and (5) that the plaintiffs did not allege facts sufficient to support an action for wilful and wanton misconduct.

In response to the motions, the plaintiffs argued: (1) that once the County and the Forest Preserve voluntarily undertook to approve the trail, they assumed the duty to act with reasonable care; (2) that the immunities provided under the Tort Immunity Act do not apply in instances where the governmental entity created the hazard that caused the injury; (3) that snowmobiling could not be considered an "ultrahazardous activity"; (4) that the immunity provisions of the Snowmobile Act are unconstitutional; and (4) that, pursuant to section 9—103 of the Tort Immunity Act (745 ILCS 10/9—103 (West 1994)), the Forest Preserve had waived all immunities by requiring NIASC to procure an insurance liability policy which named it as an additional insured.

On April 23, 1996, following a hearing on the motions, the trial court entered the following findings:

"a. Plaintiffs *** have failed to sufficiently allege facts to support their claim of a duty owed them by the County, [or] the Forest Preserve, *** whether premised on voluntary undertaking or otherwise.

b. The allegations of the Plaintiffs *** are insufficient to support a claim of willful and wanton conduct by the County or by the Forest Preserve.

c. There has been no waiver of immunity by the Forest Preserve *** under section 2—103 of the Tort Immunity Act.

d. Section 5—1(N) of the Snowmobile Act provides an absolute immunity to the County and the Forest Preserve.

e. Section 5—1(N) of the Snowmobile Act is constitutional.

f. As a matter of law, the alleged conduct of the County and the Forest Preserve *** does not constitute the proximate cause of the plaintiff's injuries as the condition allegedly created by those defendants was superseded by the criminal conduct of a third party."

The trial court then granted both motions to dismiss pursuant to section 5—1(N) of the Snowmobile Act and section 3—109 of the Tort Immunity Act. On May 16, 1996, the trial court entered an order, pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)), making its order dismissing the County final and appealable. On June 28, 1996, the trial court entered a similar order in regard to its dismissal of the Forest Preserve. The plaintiffs filed timely notices of appeal as to both rulings. On August 16, 1996, this court entered an order consolidating the appeals.

■ The standards regarding our review of an order that grants a section 2—615 motion (735 ILCS 5/2—615 (West 1994)) or a section 2—619 motion (735 ILCS 2—619 (West 1994)) are well established. When considering the sufficiency of a complaint under section 2—615, the reviewing court must determine whether the allegations in the complaint, when construed in the light most favorable to the plaintiff, are sufficient to set forth a cause of action upon which relief may be granted. *Burdinie v. Village of Glendale Heights*, 139 Ill. 2d 501, 505 (1990). When reviewing a section 2—619 dismissal, the question on appeal is whether the existence of a genuine issue of material fact should have precluded the dismissal, or absent such an issue of fact, whether dismissal is proper as a matter of law. *Moon v. Smith*, 276 Ill. App. 3d 958, 962 (1995).

■ Although the trial court granted the defendants' motions to dismiss on several grounds, we believe that section 5—1(N) of the Snowmobile Act controls our disposition on appeal. Section 5—1(N) provides as follows:

"N. Notwithstanding any other law or Section of this Act to the contrary, the State and any political subdivision or municipality thereof owes no duty of care to keep the premises safe for entry or use by others for snowmobiling or to guard against or give warnings of any condition, use, structure or activity on property in which the State and any political subdivision or municipality thereof has any interest." 625 ILCS 40/5—1(N) (West 1994).

We are aware of no Illinois court that has considered the meaning

and effect of this particular section of the Snowmobile Act. The County and the Forest Preserve argue that the plain language of this section provides them absolute immunity from any suit arising from a snowmobile injury occurring on their property, including suits alleging wilful and wanton misconduct.

■ The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Johnson v. Mers*, 279 Ill. App. 3d 372, 381 (1996). We must determine this intent from the language of the statute, and the statute must be evaluated as a whole. *Payne v. Lake Forest Community High School District 115*, 268 Ill. App. 3d 783, 785 (1994). If the language of the statute is clear, the court will give it effect without turning to other statutory construction aids. *Payne*, 268 Ill. App. 3d at 785.

■ The plain language of section 5—1(N) appears to provide absolute immunity to governmental entities, as it does not contain any exceptions to immunity for voluntary undertakings or wilful and wanton misconduct. A review of the Snowmobile Act reveals that, when the General Assembly intended to create an exception to the immunities afforded, it specifically expressed that intent with language stating the particular conduct to be excepted from immunity. For example, in section 5—1(I) of the Snowmobile Act, the General Assembly provided:

> "I. Notwithstanding any other law to the contrary, an owner, lessee, or occupant of premises owes no duty of care to keep the premises safe for entry or use by others for snowmobiling, or to give warning of any condition, use, structure or activity on such premises. \*\*\* *Nothing in this section limits in any way liability which otherwise exists for willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity.*"
> (Emphasis added.) 625 ILCS 40/5—1(I) (West 1994).

The absence of language excepting voluntary undertakings or wilful and wanton misconduct from immunity in section 5—1(N), where such language is contained in other sections of the same act, demonstrates the General Assembly's intention that there be no exceptions to the immunity provided by section 5—1(N). See *Carter v. City of Elmwood*, 162 Ill. App. 3d 235, 237 (1987). We also note that the plaintiffs concede in their appellate brief that the language of section 5—1(N) appears to grant absolute immunity in all circumstances.

Furthermore, this conclusion is in harmony with the manner in which this court construed the immunity provisions contained in the Tort Immunity Act. We have consistently held that the immunities provided by the Tort Immunity Act are absolute unless the legislature

provided language which expressly limited the scope of the immunity. See *Johnson v. Mers*, 279 Ill. App. 3d 372, 381 (1996) (interpreting 745 ILCS 10/2—201 (West 1992)); *Payne v. Lake Forest Community High School District 115*, 268 Ill. App. 3d 783, 787 (1994) (interpreting 745 ILCS 10/3—108(a) (West 1992)); *Scott v. Rockford Park District*, 263 Ill. App. 3d 853, 856-57 (1994) (interpreting 745 ILCS 10/3—107(a) (West 1992)). We therefore conclude that section 5—1(N) of the Snowmobile Act completely immunizes the County and the Forest Preserve from the allegations contained in the plaintiffs' second amended complaint.

■ Additionally, we note that, even if the defendants were not immunized under the Snowmobile Act, the plaintiffs' allegations could still not withstand dismissal. We agree with the trial court that the alleged "approval" of the NIASC trail, standing alone, would not amount to the sort of conduct necessary to establish a voluntary undertaking or wilful and wanton misconduct. See generally *Cwik v. Forest Preserve District*, 131 Ill. App. 3d 1097, 1099 (1985); *Lerma v. Rockford Blacktop Construction Co.*, 247 Ill. App. 3d 567, 572-73 (1993). Furthermore, pursuant to section 2—103 of the Tort Immunity Act (745 ILCS 10/2—103 (West 1994)), the defendants are "not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law." The County's and the Forest Preserve's act of approving the NIASC trail would therefore also be immunized under this section.

■ The plaintiffs' next argument on appeal is that section 5—1(N) of the Snowmobile Act is unconstitutional. The plaintiffs argue that section 5—1(N) violates the "certain remedy" provision of article I, section 12, of the Illinois Constitution, which provides:

> "Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly." Ill. Const. 1970, art. I, § 12.

The plaintiffs argue that to grant absolute governmental immunity in all circumstances is irreconcilable with this constitutional provision.

■ We are aware of no court that has addressed the constitutionality of section 5—1(N) of the Snowmobile Act. At the outset, we note that all legislative enactments carry a strong presumption of constitutionality (*Bernier v. Burris*, 113 Ill. 2d 219, 227 (1986)), and all doubts must be resolved in favor of their validity (*Harris v. Manor Healthcare Corp.*, 111 Ill. 2d 350, 368 (1986)). Accordingly, the burden rests upon the plaintiffs, as the challenging parties, to rebut this presumption. *People v. Bales*, 108 Ill. 2d 182, 188 (1985).

In *Ostergren v. Forest Preserve District*, 104 Ill. 2d 128 (1984), our supreme court considered the constitutionality of a different provision of the Snowmobile Act, section 5—1(I) (625 ILCS 40/5—1(I) (West 1994)). In *Ostergren*, a snowmobiler sought damages for injuries allegedly caused by the negligence of the County of Will, the Forest Preserve District of Will County, and the Forest Preserve Board of Will County in maintaining and supervising their property for use by snowmobilers. 104 Ill. 2d at 130. The trial court dismissed the plaintiff's complaint, holding that the action was barred by section 5—1(I) of the Snowmobile Act. *Ostergren*, 104 Ill. 2d at 130. On appeal, the plaintiff argued that the section was unconstitutional because it violated the "certain remedy" provision of the Illinois Constitution. *Ostergren*, 104 Ill. 2d at 134.

At the time that the plaintiff in *Ostergren* filed suit, section 5—1(I) provided, in pertinent part:

> " 'An owner, lessee, or occupant of premises owes no duty to keep the premises safe for entry or use by others for snowmobiling, or to give warning of any unsafe condition or use of or structure or activity on such premises.' " *Ostergren*, 104 Ill. 2d at 131, quoting Ill. Rev. Stat. 1981, ch. 95½, par. 605—1(I) (now codified, as amended, at 625 ILCS 40/5—1(I) (West 1994)).

Although this section was subsequently amended to allow for suits alleging wilful and wanton conduct, the supreme court limited its discussion to the language cited above. *Ostergren*, 104 Ill. 2d at 135-36. The court noted that a different standard of care for tort liability in snowmobile accidents was justified due to the inherent danger of snowmobile operation in private lots, public parks, and forest preserves. *Ostergren*, 104 Ill. 2d at 133. The court therefore concluded that the language of section 5—1(I) provided absolute immunity to the defendants and was a constitutional exercise of the state's police power. *Ostergren*, 104 Ill. 2d at 133.

The court also held that section 5—1(I) did not violate the "certain remedy" doctrine of the Illinois Constitution as it did not prevent a plaintiff from seeking a remedy for his injuries under the law. *Ostergren*, 104 Ill. 2d at 134. The court noted that a victim in a snowmobile accident would still be able to sue other parties, such as the manufacturer, distributor, or designer of the snowmobile, as well as the other drivers involved in the accident. *Ostergren*, 104 Ill. 2d at 134. The court therefore concluded that the section did not violate the plaintiff's constitutional right to a remedy under the law. *Ostergren*, 104 Ill. 2d at 134-35.

We also note that the *Ostergren* holding was cited with approval in *Bilyk v. Chicago Transit Authority*, 125 Ill. 2d 230 (1988). In *Bilyk*,

the supreme court addressed the constitutionality of a provision of the Metropolitan Transit Authority Act (70 ILCS 3605/27 (West 1994)), which provides that neither the Chicago Transit Authority nor its agents can be held liable for the failure to provide adequate police protection or security. *Bilyk*, 125 Ill. 2d at 233-34. In holding that the statute did not violate the "certain remedy" provision of the Illinois Constitution, the court relied on *Ostergren* for the proposition that the "General Assembly may restrict the class of potential defendants from whom a plaintiff may seek a remedy without violating the ['certain remedy'] provision." *Bilyk*, 125 Ill. 2d at 246.

■ In the instant case, as in *Ostergren*, section 5—1(N) of the Snowmobile Act does not abolish the plaintiffs' cause of action for the decedent's injuries and death; it simply restricts the liability of one category of defendants. The statute does not preclude the plaintiffs from seeking a remedy from other parties, and, indeed, the plaintiffs have brought actions that are currently pending against Bailey, Cranston, Pfoser, Sheehan, and NIASC. As the plaintiffs have not been prevented from seeking a remedy at law, there has been no constitutional violation.

Additionally, the statutory language contained in section 5—1(N) is almost identical to the language contained in section 5—1(I) at the time it was construed by the supreme court in *Ostergren*. Both provisions plainly state that the landowners owe no duty of care to "keep the premises safe for entry or use by others for snowmobiling," or to give warnings of any unsafe condition, use, structure, or activity on the premises. 625 ILCS 40/5—1(N) (West 1994); *Ostergren*, 104 Ill. 2d at 131. As the supreme court has determined that the enactment of section 5—1(I) was a constitutional exercise of the state's police power, we decline to reach a different result in construing section 5—1(N). We therefore conclude that section 5—1(N) of the Snowmobile Act is constitutional and provides absolute immunity to the County and the Forest Preserve as to the allegations of the plaintiffs' second amended complaint.

■ The plaintiffs' final contention on appeal is that the Forest Preserve waived all applicable immunities when it required NIASC to procure insurance to protect the Forest Preserve from suit. Relying on *Molitor v. Kaneland Community Unit District No. 302*, 18 Ill. 2d 11, 17-18 (1959), the plaintiffs argue that immunities are waived to the extent of any coverage provided pursuant to a policy of liability insurance. We find no merit to this argument.

Section 9—103(c) of the Tort Immunity Act provides, in pertinent part:

"Any insurance company that provides insurance coverage to a

local public entity shall *utilize any immunities* or may assert any defenses to which the insured local public entity or its employees are entitled." (Emphasis added.) 745 ILCS 10/9—103(c) (West 1994).

Pursuant to this language, the purchase of insurance is no longer an automatic waiver of immunity, absent some specific contractual waiver provision. *Knox County v. Midland Coal Co.*, 265 Ill. App. 3d 782, 788 (1994); *Jastram v. Lake Villa School District 41*, 192 Ill. App. 3d 599, 604 (1989). As the plaintiffs have failed to allege that the Forest Preserve has contractually waived the immunities provided under the Snowmobile Act, we reject the plaintiffs' contention that the Forest Preserve is liable to the extent of any insurance coverage provided by the NIASC policy.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed, and the cause is remanded for further proceedings consistent with this opinion.

Affirmed and remanded.

COLWELL and THOMAS, JJ., concur.