Nos. 3--00--0673, 3--00--1002, 

3--01--0940, 3--01--0952 cons.

__________________________________________________________________

IN THE 

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

__________________________________________________________________

JOSEPH MILLER and ) Appeal from the Circuit

PAMELA MILLER, ) Court of Fulton County.

) 

Plaintiffs-Appellants, ) 

) 

)   
No. 99--CH--35
 

) 
 
 
 

DAVID G. HILL, ) 
Honorable
 
 

) Larry W. Heiser,

Defendant-Appellee. )
 Judge, Presiding.

_________________________________________________________________

JOSEPH MILLER and ) Appeal from the Circuit

PAMELA MILLER, ) Court of Fulton County.

) 

Plaintiffs-Appellants, ) 

) 

)   
No. 99--MR--23
 

) 
 
 
 

FULTON COUNTY ZONING BOARD OF ) 
 
 

APPEALS and DAVID G. HILL, ) 
Honorable

) Chellis Eugene Taylor,

Defendants-Appellees. )
 Judge, Presiding.

_________________________________________________________________

JOSEPH MILLER and ) Appeal from the Circuit

PAMELA MILLER ) Court of Fulton County.

) 

Plaintiffs-Appellants, ) 

) 

)   No. 00--MR--7
 

) 
 
 
 

FULTON COUNTY ZONING BOARD OF ) 
 
 

APPEALS and DAVID G. HILL, ) 
Honorable

) Chellis Eugene Taylor,

Defendants-Appellees. )
 Judge, Presiding.

_________________________________________________________________

_________________________________________________________________

JOSEPH MILLER and ) Appeal from the Circuit

PAMELA MILLER, ) Court of Fulton County.

) 

Plaintiffs-Appellants, ) 

) 

)   No. 99--MR--23
 

) 
 
 
 

FULTON COUNTY ZONING BOARD OF ) 
 
 

APPEALS and DAVID G. HILL, ) 
Honorable

) 
Larry W. Heiser,

Defendants-Appellees. )
 Judge, Presiding.

_________________________________________________________________

  

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiffs, Joseph and Pamela Miller, bring these consolidated appeals contesting the results of two separate actions relating to the operation of a commercial trapshooting range in Fulton County.  The firearm range, owned and operated by defendant, David Hill (Hill), is adjacent to plaintiffs’ residence.  It operates pursuant to a conditional use permit issued by the Fulton County Zoning Board of Appeals (Board) on August 27, 1998.  Plaintiffs challenge the issuance and continued viability of Hill’s conditional use permit.  They also appeal the results of their chancery action in which the court rejected plaintiffs’ request to enjoin Hill from 

further operation of the firearm range.  

A hearing was held before the Board on August 26, 1998, addressing Hill’s request to build and operate a firearm range on his property.  Notice of the hearing was issued on August 12, 1998, to the local property owners.  The notice stated that the hearing pertained to Hill’s request "for a conditional use permit to construct a metal building for the purpose of operating a privately operated for profit outdoor recreational facility and to also operate a radiator repair shop" on his property.  The notice was received by plaintiffs but they failed to attend the hearing.  

The conditional use permit was unanimously approved by the Board.  The permit established the following nine conditions:

"1. The establishment, maintenance, or operation of the conditional use will not be substantially detrimental to, or substantially endanger the public health, safety, morals, comfort, general welfare or the environment.

2. The conditional use will not be substantially injurious to the use and enjoyment of other property in the immediate vicinity for the purposes already permitted, nor substantially diminish and impair property values within the neighborhood.

3. The establishment of the conditional use permit will not substantially impede the normal an [
sic
] orderly development and improvement of the surrounding property for uses permitted in the district.  

4. Adequate utilities, access roads, drainage, and/or other necessary facilities will be provided. 

5. Adequate measures will be taken to provide ingress and egress so designed as to minimize traffic congestion in the public streets.

6. The applicant shall have one year from the date of issuance to implement the conditional use or the permit shall become null and void.

7. If at any time after the conditional use has been established, the use is discontinued for a period of one year or more, the conditional use permit shall become null and void.

8. The conditional use shall, in all other respects, conform to the applicable regulations of the district in which it is located.

9. Days and hours of operation for the trap Shooting Club will be Tuesday and Thursday from 5 p.m. to 9 p.m.; Saturdays from 9 a.m. to 5 p.m. and Sundays from 1 p.m. to 6 p.m."

During the fall of 1998, the range began operating and  plaintiffs immediately became upset about the noise level.  After several unsuccessful attempts at addressing the problem directly with Hill, plaintiffs filed a request with the Board seeking to void the permit on the grounds that the original notice was inadequate and, alternatively, to find the range in violation of the conditional use permit.

In response to plaintiffs’ request, the Board held hearing proceedings on February 24, 1999, and April 29, 1999. At the proceedings, the Board allowed testimony from plaintiffs and Hill  and also accepted a packet of information from plaintiffs containing various exhibits, maps, and opinions concerning the effects of the range on plaintiffs’ property.  On May 11, 1999, the Board ruled in favor of Hill and found the range to be in compliance with the terms of the conditional use permit.

After the Board’s May 11 ruling, plaintiffs filed an administrative review action with the circuit court.  On November 11, 1999, the court remanded the matter to the Board.  The court directed the Board to conduct a full hearing on the matter and grant all interested parties an opportunity to testify.  

On remand, the Board held a hearing in compliance with the court’s directive.  At the conclusion of the evidence, the Board found Hill to be in compliance with the terms of the conditional use permit.  The plaintiffs then filed another review action with the circuit court.

The court then remanded the matter to the Board with directions to vote on specific questions regarding the Board’s conclusions.  The four specific questions voted on by the Board were as follows:

"(1) Is the establishment, maintenance, or operation of the conditional use substantially detrimental to, or does it substantially endanger the public health, safety, morals, comfort, general welfare or the environment? 

(2) Is the conditional use substantially injurious to the use and enjoyment of other property in the immediate vicinity for the purpose already permitted, or does it substantially diminish and impair values in the neighborhood? 

(3) Does the establishment of the conditional use substantially impede the normal or orderly development and improvement of surrounding property for uses permitted in the district? 

(4) Does the conditional use, in all other respects, conform to the applicable regulations of the district in which it is located?"  

On each of the specific questions, the Board voted in favor of Hill and affirmed its earlier finding that Hill was in compliance with the terms of the conditional use permit.

In the court’s October 16, 2001, memorandum opinion, it held, 
inter alia
, that plaintiffs had waived their claim that the notice was defective by failing to contest its adequacy within 35 days of its issuance on August 12, 1998.  The court further stated, "this Court cannot say the lack of the word ˈtrap shootingˈ in the notice makes it a sham or nullity."  Then, on the matter of the propriety of the Board’s conclusions regarding Hill’s compliance with the permit, the court stated, "the Court rules that the actions of the [Board] were conducted in good faith and were not contrary to the manifest weight of the evidence.  The decision of the [Board] is affirmed."  Following the court’s ruling, plaintiffs promptly filed their notice of appeal.  

In a concurrent chancery action, on August 17, 1999, plaintiffs filed a complaint against Hill alleging that the firearm range created a noise nuisance and posed substantial safety concerns.  The action sought monetary damages and to enjoin Hill’s operation of the range.  On May 12, 2000, the court granted Hill partial summary judgment on the matter.  The court dismissed the portions of plaintiffs’ complaint that asserted the range created a noise nuisance.  The dismissal was premised on the court’s finding that section 5 of the Premises Liability Act (740 ILCS 130/5 (West 2000)) barred any action against a firearm range based on excessive sound emissions.  

Administrative Review

On two separate occasions the Board affirmed its decision to allow Hill to continue the operation of his firearm range. On review, plaintiffs challenge the decisions of the Board. They assert that Hill violated the following conditions of his permit:

"1. The establishment, maintenance, or operation of the conditional use will not be substantially detrimental to, or substantially endanger the public health, safety, morals, comfort, general welfare or the environment.

2. The conditional use will not be substantially injurious to the use and enjoyment of other property in the immediate vicinity for the purposes already permitted, nor substantially diminish and impair property values within the neighborhood.

3. The establishment of the conditional use permit will not substantially impede the normal an [
sic
] orderly development and improvement of the surrounding property for uses permitted in the district."  

As an initial matter, the parties dispute the proper standard of review.  Plaintiffs maintain that our review should be 
de novo
 because the facts are not in dispute and only one conclusion can be drawn from them.  We, however, do not accept that the facts are only subject to one interpretation.  

The Administrative Review Law (735 ILCS 5/3-101 
et seq.
 (West 2000)) governs the review of all final decisions of a zoning board of appeals.  See 
Masterson v. Highlands
, 188 Ill. 2d 546, 550 (1999).  Section 3-110 of the Administrative Review Law expressly provides that "[t]he findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct."  735 ILCS 5/3-110 (West 2000).  As the court explained in 
Hale v. First National Bank of Mount Prospect
, 57 Ill. App. 3d 310, 314 (1978), "[o]n administrative review, the court's function is limited to ascertaining if the findings and decision of the administrative agency are against the manifest weight of the evidence. [Citations.]   If there is substantial competent evidence to support an agency's action, the court will not disturb the agency's decision. [Citation.] Thus, a court will neither substitute its judgment for that of an administrative agency, nor overturn administrative findings unless they are without substantial foundation in the record."  In the present case, we will overturn the decisions of the Board only if they are against the manifest weight of the evidence. 

When a full hearing on the matter was held on January 26, 2000, over 30 witnesses testified.  Plaintiffs contend that "none of the witnesses supporting the range’s continued operation contradicted the testimony that the Millers’ property had lost value due to the presence of the shooting range, nor did they counter the testimony from the Millers, Mohr, Mason, and Duree that the noise from the facility was interfering with the normal use of their property."  Plaintiffs, fearing the consequences of an errantly fired gun, further expressed concern that the range constituted a serious safety hazard.

However, several witnesses’ testimony from the January 26 hearing addressed the noise and safety concerns.  John Sigler, a range patron, testified that in his opinion the noise created by the range was not substantial.  Robert Mathis, a neighbor who lives approximately the same distance away from the range as plaintiffs, testified that the noise did not bother him.  Jeff Parson, a neighbor with property bordering plaintiffs’ property, stated that, while he could certainly hear the range, the noise was not loud enough to interfere with the enjoyment of his property.  In addition, Don St. Clair, Fred Scope, and Wade Haynes, all experienced hunters and frequent patrons of the range, opined that the range did not pose any safety concerns to plaintiffs and that patrons followed gun safety procedures.  

At the hearing, Hill failed to make a concerted effort to rebut plaintiffs’ submission of real estate appraisals opining a decrease in the marketability of the Millers’ property.  Nonetheless, a plaintiff to an administrative proceeding holds the burden of proof, and relief will be denied if he or she fails to sustain that burden.  
Iwanski v. Streamwood Police Pension Board
, 232 Ill. App. 3d 180, 184 (1992).  Plaintiffs in their brief point to the submission of two opinions from real estate appraisers stating that the firearm range negatively impacted the marketability of their property.  While the appraisal letters opine a loss in market value, they lack detail.  For instance, the appraisal letters do not provide dollar figures or conform with the usual standards for admission of appraisal evidence (see, 
e.g.
, 
Department of Transportation v. Beeson
, 137 Ill. App. 3d 908 (1985)).  Here, the Board was required to make a determination if the firearms range "substantially diminish[ed] and impair[ed] property values within the neighborhood."  While plaintiffs assert that they submitted uncontradicted evidence that the firearm range decreased the value of their property, we believe that the appraisal letters offered limited help to the Board in its quest to determine if the firearm range "substantially diminish[ed] and impair[ed] property values within the neighborhood."       

 Moreover, the purpose of a conditional use permit is to provide for infrequent types of land use which are necessary and desirable, but which may be incompatible with the uses usually permitted in residential, commercial, and industrial zones.  
Pioneer Trust & Savings Bank v. County of McHenry
, 89 Ill. App. 2d 257, 264 (1967).  The conditional use permit allows for a use that otherwise might be prohibited in certain zones where the adverse effect on the surrounding area is too great and public need for the specific use at the particular location warrants it.  
Pioneer Trust & Savings Bank
, 89 Ill. App. 2d at 264.  In making its determination concerning the grant of a conditional use permit, the Board was not only considering plaintiffs’ circumstances but the needs of the whole community.  "It [was] the Board’s duty to weigh the evidence and 'there need only be some competent evidence in the record to support its findings.' "  
Danko v. Board of Trustees of the City of Harvey Pension Board
, 240 Ill. App. 3d 633, 645 (1992), quoting 
Hahn v. Police Pension Fund of the City of Woodstock
, 138 Ill. App. 3d 206, 207 (1985).  We believe that the Board reasonably considered the needs of the community and made a decision within the scope of its discretion that Hill’s range did not violate the terms of the conditional use permit.  In light of the proper standard of review, we believe that the decisions of the Board are not against the manifest weight of the evidence.

As an incidental matter, plaintiffs have requested that we find Hill’s conditional use permit void.  They assert that the notice for the initial hearing for the range was defective because it failed to specify that Hill sought to open a trapshooting range.  Generally speaking, we would agree with plaintiffs that the failure to give proper notice constitutes a violation of due process and voids a conditional use permit granted under the suspect proceedings.  See, 
e.g.
, 
Grotto v. Little Friends, Inc.
, 104 Ill. App. 3d 105 (1982).  However, the essence of due process is to ensure parties a meaningful opportunity to present their case.  
Petersen v. Plan Comm'n of the City of Chicago
, 302 Ill. App. 3d 461, 466 (1998).  Here, plaintiffs were given two subsequent opportunities to present their case.  At the hearing on January 26, 2000, over 30 witnesses were heard.  In accordance with the directions of the circuit court, plaintiffs received a complete and meaningful opportunity to present their case.  We believe by this point in the litigation of this case, the defective notice from the first proceeding has been rendered harmless.    

Chancery Action

On August 17, 1999, plaintiffs filed a concurrent chancery action against Hill.  Plaintiffs sought monetary damages and to enjoin Hill’s operation of the firearm range on the basis that it created a noise nuisance and safety concern.  The court dismissed the portions of plaintiffs’ complaint that alleged the firearm range constituted a noise nuisance.  The court held that a nuisance action based on the sound emissions created by a firearm range was barred by section 5 of the Premises Liability Act (740 ILCS 130/5 (West 2000)).

Plaintiffs argue that the court wrongly interpreted the statute when it dismissed the portions of their complaint.  On appeal, the parties dispute the proper construction of section 5. 

Section 5 was added as an amendment to the Premises Liability Act (740 ILCS 130/1 
et seq.
 (West 2000)) in 1994.  It acts to limit the liability imposed upon an owner or operator of a firearm range for sound emissions arising from the normal use of a firearm range.  However, because of the absence of case law interpreting section 5, the scope of immunity available to an owner or operator is in dispute.  Thus, we are left to determine the scope of immunity available under section 5.  More precisely stated, we must determine if section 5 bars a court from enjoining an owner or operator of a firearm range for emitting excessive sound.  Section 5 reads as follows: 

"Firearm ranges; liability.

(a) As used in this Section, ˈfirearm rangeˈ means a rifle, pistol, silhouette, skeet, trap, black powder, or other similar range in this State used for discharging firearms in a sporting event, for practice or instruction in the use of a firearm, or for the testing of a firearm. 'Firearm range' also includes licensed shooting preserves and public hunting areas operated or licensed by the Department of Natural Resources.
 (b) An owner or operator of a firearm range in existence on January 1, 1994, is immune from any criminal liability arising out of or as a consequence of noise or sound emissions resulting from the normal use of the firearm range. An owner or operator of a firearm range is not subject to any action for public or private nuisance or trespass and no court in this State shall enjoin the use or operation of a firearm range on the basis of noise or sound emissions resulting from the normal use of the firearm range.

(c) An owner or operator of a firearm range placed in operation after January 1, 1994, is immune from any criminal liability and is not subject to any action for public or private nuisance or trespass arising out of or as a consequence of noise or sound emissions resulting from the normal use of the firearm range, if the firearm range conforms to any one of the following requirements:
 (1) All areas from which a firearm may be properly discharged are at least 1,000 yards from any occupied permanent dwelling on adjacent property.
 (2) All areas from which a firearm may be properly discharged are enclosed by a permanent building or structure that absorbs or contains sound energy escaping from the muzzle of firearms in use.
 (3) If the firearm range is situated on land otherwise subject to land use zoning, the firearm range is in compliance with the requirements of the zoning authority.

(4) The firearm range is operated by a governmental entity or is licensed by the Department of Natural Resources."  740 ILCS 130/5 (West 2000).

In the present case, because Hill’s range did not begin operation until 1998, section 5(c) is the applicable section for consideration.  740 ILCS 130/5(c) (West 2000).  Plaintiffs argue that section 5(c) does not preclude a court from issuing an injunction.  In making this argument, plaintiffs look to section 5(b), which states in part, "An owner or operator of a firearm range is not subject to 
any action
 for public or private nuisance or trespass and 
no court in this State shall enjoin
 the use or operation of a firearm range ***."  (Emphasis added.) 740 ILCS 130/5(b) (West 2000).  Plaintiffs maintain that this portion of section 5(b) serves to define the phrase "any action" as excluding an action seeking an injunction.  Thus, when section 5(c) repeats the same language, "[an owner or operator] is not subject to 
any action
 for public or private nuisance or trespass," without including the phrase from section 5(b) that states "no court in this State shall enjoin," it results in the conclusion that section 5(c) does not provide immunity from a court-issued injunction.  (Emphasis added.) 740 ILCS 130/5(c). 

In rebuttal, Hill argues that the plain language of section 5(c) provides that an owner or operator is immune from "any action" for nuisance or trespass arising from sound emissions.  He states that the language of section 5(c) is clear and does not require a search beyond its own words to properly give it meaning.  He maintains that the language from section 5(b) stating "no court in this State shall enjoin" only acts to overrule old case law that permitted injunctions under similar circumstances.  Thus, in no way was this language intended to exclude injunctive relief from falling within the ambit of the phrase "any action" from section 5(c).  We agree with Hill on this matter.  

Our review of statutory construction is 
de novo
.  
Davis v. Toshiba Machine Co., America
, 186 Ill. 2d 181, 183 (1999).  We first attempt to give effect to the legislative intent by looking at the plain language of the statute.  
Davis
, 186 Ill. 2d at 184.  If the plain language is clear, the court need not delve into the rules of statutory construction.  
Davis
, 186 Ill. 2d at 184. Moreover, " '[w]here the language of a statute is clear and unambiguous, a court must give it effect as written, without "reading into it exceptions, limitations or conditions that the legislature did not express." ' "  
Davis
, 186 Ill. 2d at 184-85, quoting 
Garza v. Navistar International Transportation Corp.
, 172 Ill. 2d 373, 378 (1996), quoting 
Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.
, 158 Ill. 2d 76, 83 (1994).  "It is not within the province of an administrative agency or court to take from or enlarge the meaning of a statute by reading into it language which will, in the opinion of either, correct any supposed omissions or defects."  
American Steel Foundries v. Gordon
, 404 Ill. 174, 180-81 (1949).  

Here, plaintiff would have us infer from section 5(c) a meaning that would allow a court to enter an injunction against a firearm range owner or operator.  Such a reading of section 5(c) is contrary to its plain meaning and legislative intent.  Clearly, the "any action" language of section 5(c) does not make any exceptions for a nuisance suit for injunctive relief or any other particular form of relief.  Rather, section 5(c) provides for broad immunity from "any action for public or private nuisance or trespass."  740 ILCS 130/5(c) (West 2000).

While plaintiffs argue that the phrase "any action" is defined in section 5(b) as excluding injunctive relief, we believe that the phrase "no court in this State shall enjoin the use" is actually a consequential statement.  The phrase serves to limit the effect of case law applicable to firearm ranges that was in existence at the time of the enactment of the statute.  Thus, we conclude that section 5(c) does bar an action seeking injunctive relief.

However, we also note that section 5(c) does not grant absolute immunity.  First, it applies only to nuisance or trespass from sound emissions.  740 ILCS 130/5(c) (West 2000). Second, the owner or operator must meet one of the section 5(c) requirements to qualify for its protections.  740 ILCS 130/5(c) (West 2000).  Finally, section 5(c) protects only firearm ranges operating within normal use.  740 ILCS 130/5(c) (West 2000).  For these reasons, we affirm the circuit court’s interpretation of section 5(c).

Next, plaintiffs assert that Hill has waived his right to immunity under section 5 by agreeing to comply with the conditions set forth by the Board.  We find this argument is without merit and contrary to language of section 5(c).  Section 5(c) expressly mandates that a firearm range must conform to one of the requirements of the statute before an owner or operator gains its protection.  Under section 5(c)(3) (740 ILCS 130/5(c)(3) (West 2000)), a person qualifies for immunity if his firearm range is in compliance with the requirements of the local zoning authority.  In the present case, Hill has gained the protection of section 5 because he is compliant with the local zoning authority.  Thus, to suggest that Hill somehow waives his immunity by complying with the very same statute that grants the immunity is obviously a flawed argument.

As a final matter, plaintiffs contend that section 5 is unconstitutional.  First, they assert it violates the Illinois constitutional requirement of a separation of powers between the legislative branch of government and the judicial branch of government.  Second, they maintain it violates their right to equal protection under the law.  

In making their assertion that section 5 violates the Illinois Constitution’s separation of powers principles, plaintiffs cite the 1970 Illinois Constitution, which provides, in part, that "[e]very person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation."  Ill. Const. 1970, art. I, §12 ("certain remedy" provision).  Plaintiffs argue that section 5 violates this constitutional provision because it limits the power of courts to issue injunctions.  

To start, we recognize that legislative enactments carry a presumption of constitutionality and all doubts must be resolved in favor of their validity.  
Jost v. Bailey
, 286 Ill. App. 3d 872, 879 (1997).  The burden lies with the challenging party to rebut this presumption.  
Jost
, 286 Ill. App. 3d at 879.  We note that plaintiffs have failed to cite any case law to support their asserted application of this constitutional provision.    

The supreme court has interpreted this provision as "an expression of philosophy and not a mandate that a 'certain remedy' be provided in any specific form or that the nature of the proof necessary to the award of a judgment or decree continue without modification."  
Sullivan v. Midlothian Park District
, 51 Ill. 274, 277 (1972).  In addition, the legislature maintains the inherent authority to repeal or modify the common law and may eliminate all or part of it.  
Michigan Avenue National Bank v. County of Cook
, 191 Ill. 2d 493, 519 (2000).  

Previous cases have held statutes prohibiting injunctions to be constitutional.  For instance, in 
Fenske Bros. Inc. v. Upholsters International Union of North America, Local No. 18
, 358 Ill. 239 (1934), the supreme court, in construing the separation of powers principles, held that a statute prohibiting injunctions to restrain persons from terminating their employment or persuading others to strike was constitutional.  Moreover, the supreme court has stated on other occasions that the legislature may limit the power of the courts to enjoin but a substitute remedy must be available that can grant relief.  
Peoples Gas Light & Coke Co. v. Slattery
, 373 Ill. 31, 42 (1939).  In 
Ostergren v. Forest Preserve District
, 104 Ill. 2d 128 (1984), the supreme court held that a statute that limited the liability of a county forest preserve district for injuries experienced by snowmobilers while riding in the forest preserve did not violate the "certain remedy" provision of the Illinois Constitution.  The supreme court found that the statute did not prevent a plaintiff from seeking a remedy under the law for injuries because the victim could still sue other parties, such as  the manufacturer and designer.  
Ostergren
, 104 Ill. 2d at 134.  Thus, the legislature may limit a defendant’s liability if the limitation does not act as a complete bar to a plaintiff’s quest for relief.  See 
Ostergren
, 104 Ill. 2d at 134.

In the present case, we hold that section 5 does not violate the "certain remedy" provision of the Illinois Constitution.  While section 5 does provide a firearm range owner or operator with immunity from injunctions based on a nuisance action for noise, it does not preclude a plaintiff from all forms of relief.  As in the present case, plaintiffs are able to bring a separate agency action and subsequent administrative review action.  In addition, section 5 only concerns actions premised on noise.  It does not bar, for example, an action premised on safety concerns.  Last, section 5 only protects an owner or operator operating their firearm range within normal use.  Thus, we reject plaintiffs’ argument on this matter.

Next, plaintiffs contend that section 5 violates the special legislation provisions and equal protection rights of the Illinois Constitution.  See Ill. Const. 1970, art. IV, §13.  A special legislation challenge is generally decided by the same standard that is applied to a review of an equal protection challenge.  
In re Petition of the Village of Vernon Hills
, 168 Ill. 2d 117, 123 (1995).  Because the statute under consideration does not affect a fundamental right or implicate a suspect class or quasi-suspect class, the appropriate standard of review is the rational basis test, under which the court must determine whether the statutory classification is rationally related to a legitimate public interest.  See 
Village of Vernon Hills
, 168 Ill. 2d at 123.  In 
Youhas v. Ice
, 56 Ill. 2d 497, 500 (1974), the  supreme court stated, "the prohibition against special legislation does not mean that a law must affect every person in the State alike."  Rather, a law must act uniformly throughout Illinois.  The power of the legislature to make classifications is clear.  
Youhas
, 56 Ill. 2d at 500.  If there exists a reasonable basis for differentiating between classes, the legislature may constitutionally classify persons and objects and pass laws applicable to those persons and objects.  
Youhas
, 56 Ill. 2d at 500.  

Because these conditions have been met, section 5 is not special legislation.  We agree with Hill that "[t]he legislature could have rationally concluded that firearm ranges, which by their nature are almost exclusively situated in rural areas, needed protection from the influx" of new persons into these areas.  Section 5 is a limit placed upon their right to sue for nuisance based on noise.  Similar statutes have been held to not violate the proscription against special legislation.  For instance, in 
Jasper v. Chicago National League Ball Club, Inc.
, 309 Ill. App. 3d 124 (1999), the court upheld a statute protecting an owner or operator of a baseball facility from liability for injuries because the legislature’s aim to protect baseball could have reasonably prompted such legislation.  Moreover, section 5 is certainly not an uncommon type of statute.  Twenty-nine other states have similar statutes placing limits upon the rights of persons to bring a nuisance action based on noise against firearm ranges.  See D. Cotter, 
Outdoor Sport Shooting Ranges: An Endangered Species Deserving of Protection
, 16 Cooley L. Rev. 163, 189 (1999) (providing a review of state statutes addressing this issue).  Consequently, we reject plaintiffs’ assertions and conclude that section 5 violates neither the "certain remedy" provision nor the proscription against special legislation.

Our sole function upon reviewing the court’s entry of a summary judgment is to judge whether the court correctly ruled that no genuine issue of material fact had been raised.  
Larson v. Decatur Memorial Hospital
, 236 Ill. App. 3d 796, 800 (1992).  In sum, our review of plaintiffs’ chancery action, made in light of the plain language of section 5(c), establishes that Hill is immune from a nuisance action based on noise.  We conclude that partial summary judgment was appropriately granted.      

 
Conclusion

For the aforementioned reasons, the judgment of the circuit court of Fulton County finding in favor of the Board is affirmed.  We also affirm the circuit court's partial summary judgment of plaintiffs' chancery action

Affirmed.

GROMETER
 and KAPALA, JJ., concur.